UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRETT SULLIVAN,<br><br>                Plaintiff,<br><br>   v.<br><br>FIRST MORTGAGE COMPANY OF IDAHO,<br><br>                Defendant. | Case No. 1:10-CV-435-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff Brett Sullivan's Application for Leave to Proceed In Forma Pauperis (Dkts. 1&2). Sullivan, proceeding pro se, filed a Complaint on August 27, 2010. In the Complaint, Sullivan identifies six causes of action: (1) breach of fiduciary duty; (2) negligence/negligence per se; (3) agent: common law fraud; (4) breach of the implied covenant of good faith and fair dealing; (5) violation of the Truth In Lending Act (TILA)(15 U.S.C. § 1601 et seq.); and (6) intentional infliction of emotional distress. He also alludes to a civil conspiracy, as well as to violations of § 2607 of the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. §§ 2601-2617) and the Home

Ownership Equity Protection Act (HOEPA)(15 U.S.C. § 1639), Defendants' unjust enrichment, and a claim for quiet title. None of these claims, however, fall under the "Cause of Action" heading in his Complaint.

For the reasons set forth below, the Court will grant Sullivan's applications for leave to file informa pauperis, but will dismiss Sullivan's Complaint with leave to amend.

## BACKGROUND

**1.     Application to Proceed Informa Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009).

To determine whether a party should be allowed to proceed in forma pauperis under 28 U.S.C. § 1915, a court should review the overall financial situation of the applicant, including all of the assets and liabilities of the applicant. *See Zaun v. Dobbin*, 628 F.2d 990, 992-93 (7th Cir. 1980). *See also Romesburg v. Trickey*, 908 F.2d 258, 259 (8th Cir. 1990) (affirming dismissal of prisoner's case for misrepresenting his claim of poverty where it was later discovered, in contrast to his affidavit, that he owned real estate, even though he contended that it was worth only $5,000 and his elderly wife resided thereon).

Sullivan here states that he is not employed, he has no income, he owes multiple creditors, and he has no funds to support his minor children. Sullivan further claims that he does not own a car, and he does not have any other significant assets such as real estate, stocks, bonds, or securities. His wife works part-time, and presumably pays for his living expenses. Based upon Sullivan's current financial condition, the Court finds it appropriate to grant his Application to Proceed in Forma Pauperis, which allows him to pay the filing fee over time. The Court will order Sullivan to pay $25.00 monthly to the Clerk of Court on or before the last day of every month, starting in January 2011, until the balance of $350.00 is paid in full. Failure to pay the monthly filing fee may result in dismissal of this case without further notice.

2.  **Initial Review**

    A.  *Plaintiffs' Allegations*

    Sullivan alleges in his Complaint that he "entered into a consumer contract for the refinance of a primary residence located at 107 Arapahoe Lane Hailey ID 83333." *Compl.* at 1, Dkt. 3. Sullivan does not specify whether he refinanced the loan on the property with Defendant First Mortgage Company of Idaho, LLC. Nor does Sullivan indicate when or where this transaction occurred. And he does not provide any underlying documentation.

    Under the heading, "Statement of Cause," Sullivan further alleges:

    - Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant.

- Defendants committed numerous acts of fraud against Petitioner in furtherance of a carefully crafted scheme intended to defraud Petitioner.

- Defendants failed to make proper notices to Petitioner that would have given Petitioner warning of the types of tactics used by Defendants to defraud Petitioner.

- Defendants charged false fees to Petitioner at settlement.

*Id.* at 1-2. Sullivan refers to "Defendants" but names First Mortgage only. From the Complaint, it appears the foreclosure proceedings have been initiated against Sullivan's property.

To remedy the wrongs allegedly committed against him, Sullivan asks for (1) an emergency restraining order enjoining "lender and any successor in interest" from foreclosing on his property; (2) a permanent injunction "enjoining Defendants from engaging in the fraudulent, deceptive, predatory and negligent acts and practices alleged" in the Complaint; (3) quiet title to the property; (4) rescission of the loan contract and restitution by "Defendants"; (5) "disgorgement of all amounts wrongfully acquired by Defendants according to proof at trial"; (6) actual damages in the amount $645,000.00; (7) "pain and suffering due to extreme mental anguish in an amount to be determined at trial"; (8) "pre-judgment and post-judgment interest according to proof at trial"; (9) "punitive damages according to proof at trial in an amount equal to $1,935,000"; and (10) attorneys' fees and costs. *Id.* at 21-22.

**B.** *28 U.S.C. § 1915(e)(2)(B)*

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal

to the extent it contains claims that are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Indeed, "section 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to rise above the "speculative level," *Twombly*, 550 U.S. at 555, or the merely possible or conceivable. *Id.* at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d

MEMORANDUM DECISION AND ORDER - 5

621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.* Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.* at 623; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

### A. *Review of Complaint*

Here, the requisite factual showing required to state a claim is entirely absent. Sullivan makes sweeping allegations regarding a "carefully crafted criminal connivance" committed by various entities within the "real estate industry." But Sullivan never specifies what role the only named defendant, First Mortgage, played. Indeed, Sullivan never identifies, names, refers to, or addresses First Mortgage once in the body of the Complaint. Is First Mortgage the Lender, the Trustee, the Appraiser, the "Agent"? It is impossible to tell from Sullivan's allegations. And, as noted above, Sullivan does not attach any of the underlying documentation, or even specify when the loan was made.

Although the Court must construe a pro se plaintiff's complaint liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *Brazil v. United States Department of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Sullivan cannot make generic allegations against "Defendants" and expect to notify First Mortgage of the wrongs with which it is charged. Sullivan's complaint must therefore be dismissed.

The Court will, however, grant Sullivan leave to amend because it is not "clear that the complaint could not be saved by any amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). In his amended complaint, Sullivan must clearly and concisely explain which allegations pertain to First Mortgage. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). Otherwise, his amended complaint will be dismissed. *Id.* (dismissing the plaintiffs' complaint because it failed to explain clearly how each defendant was implicated by plaintiffs' allegations).

## ORDER

IT IS ORDERED that:

1. Plaintiff Brett Sullivan's Application for Leave to Proceed In Forma Pauperis (Dkts. 1&2) is GRANTED. However, failure to pay the monthly filing fee starting January 2011 may result in dismissal of this case without further notice.

2. Plaintiff Brett Sullivan's Complaint is DISMISSED WITH LEAVE TO AMEND. If Sullivan desires to pursue this action, he is ORDERED to file a First Amended Complaint *no later than January 21, 2011*, which remedies the deficiencies discussed above. Sullivan must identify clearly the basis for each of his claims and articulate the connection between the named defendant, First Mortgage of Idaho, LLC, and each of his claims. If Sullivan believes other parties have wronged him in connection with the refinance of his property and pending foreclosure, he must name separately each individual defendant against whom he brings claims and articulate the connection between each named defendant and

each claim. Sullivan is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court will dismiss this action on the grounds set forth above for failure to prosecute and for failure to comply with a Court order.

DATED: **December 17, 2010**

B. LYNN WINMILL
Chief Judge U.S. District Court